**MERTA, Plaintiff-Appellee, v. MERTA, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1871. Decided November 5, 1945.

John P. Naas, Dayton, for plaintiff-appellee.
William A. Swaney, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, P. J.

The appeal is from a decree of the Common Pleas Court of Montgomery County, Ohio, divorcing plaintiff from defendant on the ground of extreme cruelty. Four errors are assigned, the first and second of which are that the decision of the court is contrary to the weight of the evidence and contrary to law, third and fourth, that the court ignored its obligation to respect public policy in granting the decree and for other reasons.

The cause of action as developed in the evidence was predicated upon excessive sexual intercourse resulting in the impairment of the health of plaintiff, abuse and threats and physical violence.

The brief of appellant is devoted to an exposition of the policy of the courts in severing the bonds of matrimony with emphasis on the interest that the state has in maintaining the marital status unless and until it definitely appears that it should be set aside. The principles cited and set forth in the brief are basic and well recognized, but it is sufficient to say that public policy is conserved, if the statutory obligation enjoined on courts and litigants is followed. So that, concretely, if this plaintiff established a cause of action under the controlling statutes and the adjudications of the courts then this court has no power to and should not interfere.

Sec. 11988 GC provides:

"A divorce, * * * shall not be granted upon the testimony or admissions of a party unsupported by other evidence."

The question then, although not expressly urged, is whether or not there is any corroboration of the testimony of the plaintiff. Giving to her testimony its most favorable intendment which we must do upon review, she testified to facts supporting a cause of action in the three particulars heretofore set forth. She stated that her husband had struck her on one occasion and in this she is corroborated by her mother who says, in substance, that defendant admitted that he had struck her but stated that this difficulty was all over. There is no corroboration whatever of the threat to the effect that her husband would shoot her.

The extreme cruelty which is claimed by reason of excessive indulgence in sexual intercourse is sufficient, if true, to support the charge. Such conduct has been held in Fulmer v. Fulmer, 11 O. D. 795, 11 Bull. 169, to constitute extreme

188

cruelty. There is a certain weakness in plaintiff's testimony, in that she does not expressly state that the acts upon which she bases her claim were committed against her will. However, she does insist that her health was undermined and that her nerves were largely shattered, a condition which must have been apparent to defendant. Her state of health is corroborated by her mother and there is also corroboration of marital difficulties between the parties.

Upon the whole, we cannot say there was not sufficient testimony to support the finding and judgment of the trial court. It will therefore be affirmed.

MILLER and WISEMAN, JJ., concur.